**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2182**

HUA LIN,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 29, 2009          Decided: July 6, 2009

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Kathryn M. McKinney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hua Lin, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's decision denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT") and denying her motion to remand. Lin claimed she did not want to return to China for fear of being forcibly sterilized due to her having given birth to three children in the United States. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his or her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).[*]

---

[*] In her brief, although citing the law supporting withholding from removal and relief under the CAT, Lin fails to make any argument that the Board erred in denying either of
(Continued)

2

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his or her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. at 187. The well-founded fear standard contains both a subjective and an objective component. "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific,

---

those forms of relief. Furthermore, she does not challenge the Board's finding that she did not argue on appeal that it was more likely than not that she will be tortured if she were to return to China. Those claims are waived. See Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

A sterilization is deemed to be persecution and "a person who has a well founded fear that he or she will be forced to undergo such a procedure . . . shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42)(B)(2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

Because Lin did not claim past persecution she must establish a well-founded fear of persecution, which she claims

4

she did through her credible testimony and evidence. We find the record does not compel a different result. The Board was entitled to address the background evidence supporting Lin's claim in summary fashion. The Board reviewed this and similar evidence in prior decisions. See Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006); Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007); Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007) and Matter of C-C-, 23 I. & N. Dec. 899 (BIA 2006). Furthermore, Lin's personal evidence supporting her claim was of questionable weight and uncorroborated.

We also find the Board did not abuse its discretion in denying Lin's motion to remand. Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005) (stating standard of review).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5